AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☑ Original ☐ Duplicate



CLERK'S OFFICE
A TRUE COPY
Aug 26, 2024
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of  )
*(Briefly describe the property to be searched*  )
*or identify the person by name and address)*  )   Case No. 24-M-481 (SCD)
Information associated with the cellular device assigned call  )
number 414-397-7010 that is stored at premises controlled by  )
T-Mobile US, Inc. ("Provider"), a wireless telephone service  )
provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054.  )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the   Eastern   District of   Wisconsin
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   9-9-24   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Honorable Stephen C. Dries   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   8-26-24. 10:25 am

*Judge's signature*

City and state:   Milwaukee, WI       Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number **414-397-7010** ("the Account"), that are stored at premises controlled by **T-Mobile US, Inc.** ("the Provider"), headquartered at **4 Sylvan Way, Parsippany, NJ 07054**

## ATTACHMENT B

### Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period **6/01/2024 to today's date**:

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

  b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

      ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received, as well as per-call measurement data (also known as the "real-time tool" or "RTT" data)

## II. Information to be Seized by the Government

All information described above in Section I that assists in locating Joshua Lusk who is in violation of Title 18, United States Code, Sections 751(a) Escape from Federal Custody during the period **6/01/2024 to Today's date.**

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Aug 26, 2024
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Information associated with the cellular device assigned call number 414-397-7010 that is stored at premises controlled by T-Mobile US, Inc. ("Provider"), a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.   24-M-481 (SCD) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the     Eastern     District of     Wisconsin    , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 751(a) | Escape from Federal Custody |

The application is based on these facts:
Please see Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Clinton Blauser, Deputy (USMS)
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
    telephone     *(specify reliable electronic means)*.

Date:   8-26-24

*Judge's signature*

City and state:    Milwaukee, WI        Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER **414-397-7010** THAT IS STORED AT PREMISES CONTROLLED BY **T-MOBILE US, INC.,** A WIRELESS TELEPHONE SERVICE PROVIDER HEADQUARED AT 4 SYLVAN WAY, PARSIPPANY, NJ 07054. | **Filed Under Seal** |
|---|---|

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, **Clinton Blauser**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

**1.** I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number **414-397-7010**, ("the TARGET PHONE"), that is stored at premises controlled by **T-Mobile US, Inc.**, a wireless telephone service provider headquartered at 4 **Sylvan Way, Parsippany, NJ 07054.** The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require **T-Mobile** to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

1. I am employed as a Deputy with the United States Marshals Service (USMS) and have held that position for over 13 years. Prior to being employed with the United States Marshals Service, I spent three years working for the Allen County Sheriff's Department in Allen County, Indiana, as a Police Officer and a Confinement Officer. As part of my duties in my current position, I conduct investigations to locate federal and state fugitives.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 751(a) Escape from Federal Custody have been committed, are being committed, and will be committed by Joshua Lusk (DOB: 12/19/1987). There is also probable cause to search the information described in Attachment A to assist in located Lusk, who is a person to be arrested for violations of Title 18, United States Code, Sections 751(a) Escape from Federal Custody.

## PROBABLE CAUSE

4. The United States Government, including the United States Marshals Service, is investigating Joshua Lusk for violations of Title 18, United States Code, Sections 751(a) Escape from Federal Custody.

5. On June 3rd, 2024, after serving time incarcerated with the Bureau of Prisons at FCI Pekin, Lusk was released and was scheduled to board public transportation in route to Parson's House Residential Reentry Center (RRC) located in Milwaukee, Wisconsin to serve the remainder of his prison sentence. Lusk's bus schedule was due to arrive in Milwaukee, WI at 0235 hours on June 4th, 2024.

6. On June 4th, 2024, the United States Marshals Service received notification from the Bureau of Prisons of Lusk's escape status. According to Parson's House staff, Lusk contacted Parson's in the morning hours of June 4th, 2024, and stated he was going to home first to gather belongings and then would report to Parson's. Parson's staff explained to him that he needed to

report to Parson's immediately. Lusk contacted Parson's a second time at approximately 0930 hours and would not inform Parson's staff of his location. Parson's staff explained to Lusk that they notified BOP of him not reporting and he needed to report to Parson's immediately.

7. On June 6th, 2024, this affiant contacted Parson's House to confirm that Lusk was still on escape status and had not returned. Parsons's House staff confirmed that Lusk was still considered a federal BOP escapee and would need to be located and apprehended by the USMS.

8. On June 12th, 2024, an arrest warrant was issued for Lusk for Escape from Federal Custody in violation of Title 18, United States Code, Sections 751(a), signed by Magistrate Judge Duffin in the Eastern District of Wisconsin.

9. On July 2nd, 2024, the USMS attempted to locate Lusk at a family address in Milwaukee, WI; however, was unsuccessful. Deputy Blauser interviewed a family member that provided Lusk's current phone number of **414-397-7010.** The family member wished to not be identified as the person providing information to Deputy Blauser. The family member appeared to be truthful and forthcoming during the interview and provided details of Lusk's travels from the Bureau of Prison's to Milwaukee that only Lusk would have been able to tell the family member.

10. Investigators searched law enforcement databases to confirm that **414-397-7010** was being serviced by **T-Mobile.**

11. In my training and experience, I have learned that **T-Mobile** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received

a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

7. Based on my training and experience, I know that **T-Mobile** can collect cell-site data about the Target Cell Phone. I also know that wireless providers such as **T-Mobile** typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes

8. Based on my training and experience, I know that wireless providers such as **T-Mobile** typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as **T-Mobile** typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the TARGET PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

# AUTHORIZATION REQUEST

9. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

10. I further request that the Court direct **T-Mobile** to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on **T-Mobile**, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

11. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

# ATTACHMENT A

## Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number **414-397-7010** ("the Account"), that are stored at premises controlled by **T-Mobile US, Inc.** ("the Provider"), headquartered at **4 Sylvan Way, Parsippany, NJ 07054**

# ATTACHMENT B

## Particular Things to be Seized

**I.** **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period **6/01/2024 to today's date**:

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

       viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

       i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

       ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received, as well as per-call measurement data (also known as the "real-time tool" or "RTT" data)

## II. Information to be Seized by the Government

All information described above in Section I that assists in locating Joshua Lusk who is in violation of Title 18, United States Code, Sections 751(a) Escape from Federal Custody during the period **6/01/2024 to Today's date.**